**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50431
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROMALDO ACUNA GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-972-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Romaldo Acuna Gomez appeals the 57-month sentence imposed after he pleaded guilty to illegally reentering the United States following deportation, a violation of 8 U.S.C. § 1326. The sentence was within the properly calculated advisory guidelines sentencing range and is thus presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gomez contends that using his prior "crime of violence" conviction to increase his offense level and criminal history score was "effectively double-counting." This contention fails because the relevant Guideline specifically allows this kind of counting. U.S.S.G.§ 2L1.2, comment. (n.6) (Nov. 2008); *see United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996) ("Double counting is impermissible only where the guidelines at issue prohibit it.").

As Gomez concedes, this court has foreclosed his argument that the presumption of reasonableness does not apply where the relevant Guideline is not empirically grounded. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). His arguments concerning his personal and criminal history merely ask us to substitute his assessment of the evidence and the 18 U.S.C. § 3553(a) factors for that of the district court. This approach is contrary to the deferential review dictated by *Gall v. United States*, 552 U.S. 38, 51 (2007).

Gomez fails to rebut the presumption of reasonableness or to show that his sentence was unreasonable. The district court's judgment is AFFIRMED.